421 A.2d 1214

**Floyd C. LEWIS, Jr., Appellant,**

v.

**ERIE INSURANCE EXCHANGE.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed Sept. 19, 1980.

194

Harry O. Falls, New Castle, for appellant.

Charles W. Garbett, Ellwood City, for appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

PRICE, Judge:

This appeal challenges the order of the trial court dismissing appellant's petition to vacate an arbitration award and dismiss the board of arbitrators, which was entered on the ground that the verification of the petition was not in conformity with Pa.R.C.P. No. 1024. While we agree that the verification was deficient, we find that dismissal of the petition was improper, and we reverse the order of the trial court.

A brief review of the facts giving rise to this appeal follows. Appellant was involved in an automobile accident on November 16, 1976, and sought arbitration pursuant to the uninsured motorist provision of his insurance agreement with Erie Insurance Exchange (Erie). A board of arbitrators was selected pursuant to the Uniform Arbitration Act

of April 25, 1927, P.L. 381, 5 P.S. § 161 *et seq.*, and the hearings were scheduled on August 23 and October 18, 1978. The October 18 hearing was scheduled to receive the testimony of appellant and his witnesses, but they did not appear, nor did appellant's counsel. On October 27, 1978, counsel received the board's decision denying appellant's claim.

Thirty–one days later, on November 28, 1978, appellant filed a petition pursuant to the Uniform Arbitration Act requesting that the award be vacated [1] because he had been denied an opportunity to be heard. The petition alleged that appellant, his counsel, and his witnesses had failed to appear at the hearing because appellant's counsel was ill and, after requesting a continuance at 9:00 a. m. on the morning of the hearing, had understood that the hearing would be rescheduled. Erie objected to the petition on the grounds that it was improperly verified and that it was not timely filed. President Judge John F. Henderson of the Court of Common Pleas of Lawrence County found that the latter objection lacked merit but that the former compelled dismissal.

The affidavit attached to the instant petition was signed by appellant's attorney and stated that "the facts contained in the foregoing Petition are true and correct to the best of his information, knowledge, belief, and the reason Gordon C. Post, Jr., is signing for Floyd Lewis, Jr. is that Floyd Lewis Jr. is unavailable at this time." Although Pa.R.C.P. No. 1024 is not directly applicable to petitions, we have determined that the form of affidavits to petitions should be governed with reference to that rule, which states in pertinent part:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be

1. Act of April 25, 1927, P.L. 381, No. 248, § 10, 5 P.S. § 170.

made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not stated upon his own knowledge and the reason why the verification is not made by a party."

*Monroe Contract Corp. v. Harrison Square, Inc.*, 266 Pa.Super. 549, 405 A.2d 954 (1979).

Examination of the second alternative of paragraph (c) indicates that the affidavit herein at issue did not sufficiently set forth the reason why the verification was not made by a party. Merely stating that the party is unavailable, as was done in the instant affidavit, does not demonstrate the necessary prerequisites for permitting a non–party to make the verification–that the party is outside the jurisdiction of the court and could not be reached in sufficient time to file the pleading.[2] *See Hercoform Marketing v. Brolon*, 15 Lebanon 274, 75 Pa.D. & C.2d 394 (1975); *Warner v. Joseph F. Allias, Baird, Inc.*, 52 West. 153, (C.P. Pa.1970); 2A Anderson Pa.Civ.Prac. § 1024.8 (1976).

Appellant concedes in his brief that the verification did not conform with the requirements of Rule 1024(c) but submits that it was an abuse of discretion for the trial court to have dismissed the petition without affording him an opportunity to file an amended verification. We agree.

2. Erie alleges that the verification was also deficient because it was made by appellant's counsel, which Erie contends is prohibited by Pa.R.C.P. No. 1002. This court rejected that claim in *Monroe Contract Corp. v. Harrison Square, Inc.*, 266 Pa.Super. 549, 405 A.2d 954 (1979), in which we held that a petitioner's counsel may verify when the conditions delineated in Pa.R.C.P. No. 1024(c) are present. Erie additionally alleges that the affidavit was not sufficient because it did not set forth the source of counsel's information as required by Pa.R.C.P. No. 1024(c). Once again, in *Monroe*, we held that the source of information need only be indicated for those matters not stated upon the signer's own knowledge. 266 Pa.Super. at 556, 405 A.2d at 958 n. 4. All information pertinent to the instant petition was indeed within counsel's knowledge and the failure to state from whence the other information was derived was an inconsequential error which, while not to be condoned, was not prejudicial. *See Safeguard Investment Co. v. Davis*, 239 Pa.Super. 300, 361 A.2d 893 (1976).

The admonition of Pa.R.C.P. No. 126 is particularly applicable in situations of this sort:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

The Rules of Civil Procedure are designed to achieve the ends of justice and are not to be accorded the status of substantive objectives requiring rigid adherence. As we have often repeated, "courts should not be astute in enforcing technicalities to defeat apparently meritorious claims." *Safeguard Investment Co. v. Davis*, 239 Pa.Super. 300, 306, 361 A.2d 893, 896 (1976); *General Mills, Inc. v. Snavely*, 203 Pa.Super. 162, 167, 199 A.2d 540, 543 (1964).[3]

 Thus, before dismissing a petition on the basis of a defective verification, a court should allow the petitioner to amend. *Monroe Contract Corp. v. Harrison Square, Inc., supra.* Since appellant attempted to comply with the rules and the error was of a de minimus technical nature that did not prejudice the substantive rights of Erie, we do not believe it is necessary to remand this matter for a purely formal amendment.[4] *Id.*

3. We note that appellant filed the instant petition on November 28, 1978, prior to our decision in *Monroe* on June 6, 1979, which explicitly governs the form of the affidavit for a petition. We hasten to add, of course, that we maintain a firm expectation that counsel will thoroughly read the rules of procedure, and although we will not enforce a hypertechnical reading of these rules, we will not condone willful noncompliance.

4. Erie argues that appellant has waived the right to amendment by his failure to request this relief from the trial court. We agree that when amendment would involve a matter of substance, a party may not ask for leave to amend at the appellate level after having failed to request this relief from the trial court. *DiSante v. Russ Financial Co.*, 251 Pa.Super. 184, 380 A.2d 439 (1977). Nevertheless, since the instant case involves a technical defect rather than one affecting the substantive merits and we have deemed a formal amendment unnecessary in the interests of judicial economy, we believe those principles are not applicable to this case.

Our task is not completed, however, for appellee contends that section 5571 of the Judicial Code, 42 Pa.C.S. § 5571,[5] providing a uniform thirty day appeal period should control the instant case rather than the older provision of the Uniform Arbitration Act mandating that notice of a motion to vacate an award be filed within three months of the award,[6] which was applied by the trial court. We disagree with appellee's interpretation of section 5571 of the Judicial Code, and we find that the trial court correctly applied the time limits of the Uniform Arbitration Act.

Section 5571 of the Judicial Code specifies that "an appeal from a tribunal or other government unit to a court ... shall be commenced within 30 days after the entry of the order from which the appeal is taken ...." 42 Pa.C.S. § 5571(b). Although in common usage the term 'tribunal' would encompass all boards of arbitration, the Judicial Code explicitly limits the scope of this term to "[a] court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions." 42 Pa.C.S. § 102. Further delving into the definition section of the Judicial Code reveals that the term 'judicial officer' includes only judges, district justices and appointive judicial officers. Although 'appointive judicial officers' is defined by the Judicial Code to include arbitrators, that term by its very wording excludes arbitrators sitting to decide a controversy that has been voluntarily submitted for settlement by arbitration. Act of April 25, 1927, P.L. 381, No. 248, § 4, 5 P.S. § 164. In those circumstances, the arbitrators are selected by the parties, and are not appointed by personnel from within the unified judicial system.[7] Examining the

5. This section became effective June 27, 1978, prior to the filing of appellant's petition.

6. Act of April 25, 1927, P.L. 381, No. 248, § 13, 5 P.S. § 173.

7. Since the manner of choosing arbitrators differs when a case is subject to compulsory arbitration under 42 Pa.C.S. § 7361, an award by a board of arbitrators in a compulsory arbitration would be

final portion of the definition of 'tribunal,' we find the term 'government unit,' which term encompasses agencies of the courts of the Commonwealth. 42 Pa.C.S. § 102. Arbitrators, however, do not act as agents of the court of common pleas. While their position is judicial in nature, they lack the authority of a court since their power does not stem from the law of the land but, instead, is derived from the contract or agreement of submission made by the parties, and they are limited by the terms thereof. *Sley System Garages v. Transport Workers Union of America*, 406 Pa. 370, 178 A.2d 560 (1962); *Wark & Co. v. Twelfth & Swanson Corp.*, 378 Pa. 578, 107 A.2d 856 (1954). Thus, it appears that the Judicial Code, by its own terms, excludes an appeal from an arbitration award from the ambit of section 5571 governing appeal times.

Furthermore, an expansive reading of section 5571 is not warranted in this instance because section 13 of the Uniform Arbitration Act, 5 P.S. § 173, was not specifically repealed by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, No. 53, § 2, 42 P.S. § 20002. Although that Act further states that other acts not specifically repealed are repealed insofar as they are inconsistent with the Judicial Code, 42 P.S. § 20002(g), we are mindful that statutory repeals by implication are not favored and that we must attempt to find a reasonable way to reconcile the statutes. *Wyoming Sand & Stone Co. v. Department of Revenue*, 477 Pa. 488, 384 A.2d 1193 (1978); *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.*, 461 Pa. 420, 336 A.2d 609 (1975). Since we are able to reconcile these two statutes, we find that the ninety day appeal time provided in the Uniform Arbitration Act is applicable and that appellant's petition was timely filed.

The order of the trial court is reversed, and the court is instructed to issue on Erie a rule to show cause why the

subject to the thirty day appeal period specified in the Judicial Code, 42 Pa.C.S. § 5571. In that situation, the arbitrators are appointed by the prothonotary from a list of qualified attorneys and would be included within the definition of 'appointive judicial officers.'

202

award of the arbitrators should not be vacated and the board dismissed.