## Rokeby-Johnson v. William Moennig and Son, Ltd.

*Jonathan Wheeler*, for plaintiff.
*Jonathan Wright*, for defendant.

DIBONA, JR., *J.*, February 17, 1984—This matter is before the court on the preliminary objections of defendant William Moennig & Son, Ltd. (Moennig) to plaintiffs' second amended complaint in replevin. Paragraphs one and two of these objections attack the complaint and its verification on the grounds that they fail to establish authority on the part of either the affiant to the complaint or the purported-attorneys for plaintiff to commence this lawsuit on behalf of the named plaintiffs. Paragraphs three, four and five of the objections attack the verification on the grounds that it fails to state sufficiently the following: (1) the authority of the affiant to verify the complaint's factual averments on behalf of any of plaintiffs; (2) why none of plaintiffs were able to verify the complaint, and (3) what factual averments are not verified upon the affiant's personal knowledge, and what the sources of information are for such averments.

The purported plaintiffs filed the complaint to replevy a cello of substantial worth, on the ground that they obtained equitable ownership of it by paying to defendant Moennig insurance benefits covering its theft in 1966. On or about July 13, 1982, this cello was recovered by Moennig when defendants Mr. and Mrs. Schmidt brought it to Moennig's premises.

For the reasons which follow, the court will sustain these objections, dismiss the other objections[1] without prejudice as moot, and dismiss the complaint without leave to amend.

---

1. These other objections are in the nature of a motion raising misjoinder of causes of action and parties, and a motion for a more specific pleading.

The court stresses from the outset that these objections to the verification do not represent a hypertechnical motion designed mainly to delay or to put the opposing side to added efforts and expense, but raise a genuine substantial concern of whether any of the plaintiffs have authorized this lawsuit.

One or more of plaintiffs must verify the complaint unless all of them either lack sufficient knowledge or information, or are outside the jurisdiction of the court and none of their verifications can be obtained within the time allowed for filing the complaint. Pa.R.C.P 1024(c), 1071 and 1073.1(b). In such a case, the nonparty affiant must state specifically why none of the parties make the verification. Id.

The verification to the second amended complaint is taken by a Richard Hoehne, who also verified the first amended complaint (David M. Ginsberg verified the original complaint).

Mr. Hoehne states that he is the claim manager for Mather & Company (a nonparty), which he avers is the insurance broker which issued the applicable insurance policies on behalf of plaintiffs.

He states that he executes the verification for two reasons. First, all plaintiffs are "citizens of foreign countries located outside the Commonwealth of Pennsylvania who could not be reached for verification within the time limit of the statute of limitations of this action." Second, since each plaintiff was only a partial insurer, "none individually possesses sufficient knowledge of the facts set forth in the foregoing complaint to make verification with respect to same."

Hoehne goes on to state that he is the only person with "the requisite knowledge, information and belief to verify the facts set forth in the foregoing pleading."

The apparent strength of this averment is illusory, however. In the second paragraph of the verification, Hoehne states the facts averred in the complaint are either within Hoehne's personal knowledge, or are facts disclosed in Hoehne's file, or are facts supplied to Hoehne by another insurance broker, Brian Fuller. The last paragraph contains the following confusing qualification:

"The language of the pleading is that of counsel and not of affiant. To the extent that the contents of this pleading are those of counsel, affiant has relied upon counsel in taking this verification." Hoehne never explains what part of the averred facts are within his personal knowledge or from his file, as opposed to being supplied by the other broker or by counsel.

With respect to the two reasons given for the failure of a party to verify the complaint, the court finds both patently unreasonable.

The statute of limitations could not conceivably begin to run any earlier than on or about July 13, 1982, the date Moennig allegedly recovered the cello; the shortest conceivable period of limitations is two years, see 42 Pa.C.S. §5542(3), Act of July 9, 1976, P.L. 586, §2, effective June 27, 1978.[2] The initial complaint was filed on June 10, 1983, when over a year remained before the above statute would expire; and the instant second amended complaint was filed on December 16, 1983, when almost seven months remained on the statute. Accordingly, given our modern, worldwide facilities of communi-

---

2. The court does not hold either that this particular statute of limitations controls, or that July 13, 1982, is the approximate date on which the statute began to toll, but holds only that this represents the "worst case" scenario from plaintiffs' standpoint herein.

cation and travel, it is patently disingenuous to claim baldly that verifications cannot be obtained from any of the foreign plaintiffs within the time limit of the applicable statute of limitations. See Lewis v. Erie Insurance Exchange, 281 Pa. Super. 193, 421 A.2d 1214 (1980); Hercoform Marketing, Inc. v. Brown, 75 D.&C.2d 394 (1975).

With regard to the second assertion, that none of plaintiffs can verify the entire complaint because each has only a partial equitable interest in the cello, this assertion fails to explain either why each plaintiff cannot submit separate verifications, or why at least one plaintiff cannot verify what it is able to verify, particularly in light of the vague and compromising verification taken by Hoehne.

More importantly, this assertion does not justify the failure to produce so much as a shred of indication of authority to commence this lawsuit on behalf of any of the purported plaintiffs. It was incumbent on counsel to make some showing of such authority in the face of defendant's adamant denials of same ever since this action was commenced.

Finally, Hoehne still fails to set forth adequately to what extent he has relied on the representations of Fuller, the other insurance broker and, of counsel, thereby making it impossible to determine to what extent he has any independent knowledge, belief or information of the averred facts.

For the above reasons, and especially because of the failure to demonstrate that any of the named plaintiffs have authorized this lawsuit, the court will sustain defendant's preliminary objections, and dismiss the complaint.

This dismissal will be without leave to amend since, although the court has given more than ample opportunity to correct the complaint's defects, they have remained uncorrected. The court con-

cludes from this that leave to file a third amended complaint would prove futile, and that, in any event, defendant should not be compelled to plead to a third amended complaint when there is no good reason for not curing the complaint's defects by now. Cf., Lewis, supra (wherein the trial court erred by not giving an opportunity to correct a defective verification).

Nevertheless, the right of the named plaintiffs to commence a proper action on this claim should not be proscribed, since the instant dismissal is not being made on the merits of the case.

An appropriate order is issued.

## ORDER

And now, this February 17, 1984, it is hereby ordered and decreed that Paragraphs 1 through 5 of the preliminary objections of defendant William Moennig & Son, Ltd., to plaintiffs' second amended complaint in equity are sustained, that the other preliminary objections are dismissed without prejudice as moot, and that plaintiffs' complaint is dismissed without leave to amend.

This order is without prejudice to plaintiffs' rights to commence another action on the instant claim against defendant.