J-A12001-21

2021 PA Super 236

| DIEGO ALATRISTA AND MERCEDES GONZALEZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| DIAMOND CLUB; WAN REALTY, LLC, INDIVIDUALLY AND D/B/A DIAMOND CLUB; MARK FAIRCHILD, INDIVIDUALLY AND D/B/A DIAMOND CLUB; AMATEUR CREATIONS, INC., INDIVIDUALLY AND T/D/B/A DIAMOND CLUB, WILLIAM JOSEPH CICCONE, INDIVIDUALLY AND D/B/A DIAMOND CLUB; NEKO CICCONE; AND MICHAEL PRIMICH | |
| Appellees | No. 1327 MDA 2020 |

Appeal from the Order Entered September 15, 2020
In the Court of Common Pleas of Lackawanna County
Civil Division at No: 2020-CV-1087

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

OPINION BY STABILE, J.: **FILED:  DECEMBER 7, 2021**

Appellants, Diego Alatrista and Mercedes Gonzalez, appeal from the September 15, 2020 order sustaining the preliminary objections of Appellees, Diamond Club; Wan Realty, LLC, Individually and d/b/a Diamond Club; Mark Fairchild, Individually and d/b/a Diamond Club; Amateur Creations, Inc., Individually and t/d/b/a Diamond Club, William Joseph Ciccone, Individually and d/b/a Diamond Club; Neko Ciccone; and Michael Primich.  We reverse and remand.

Appellants filed their original complaint on February 12, 2020. They alleged that, shortly before 2:00 a.m. on February 14, 2018, they arrived at Diamond Club, ("the Club") a strip bar in Old Forge, Lackawanna County.[1] They were informed that the Club would close shortly, but that they could stay until 2:30 for a $30.00 cover charge. Unable to pay, they decided to leave. Appellee Michael Primich allegedly blocked the exit, demanded the cover charge, and slammed Appellant Mercedes Gonzalez to the ground and tased her when she tried to go around him. Appellant Diego Alatrista attempted to aid Gonzalez but was tackled and tased by Appellees William Joseph Ciccone and Neko Ciccone. Appellants allege that other employees of the Club eventually joined the attack. The complaint alleged counts of assault and battery, intentional infliction of emotional distress, and negligence arising out of Appellants' injuries. Appellants also alleged various dram shop act[2] violations.

Appellees filed preliminary objections, and Appellants filed an amended complaint on March 30, 2020. Appellees filed preliminary objections to the amended complaint claiming, among other things, failure of a pleading to conform to law, insufficient specificity, and legal insufficiency. Pa.R.C.P. No. 1028(a)(2), (3), (4). Regarding failure to conform to law, Appellees Diamond

---

[1] The recitation of facts in Appellants original and amended complaints is substantially identical.

[2] *See* 47 P.S. § 4-493.

Club, WAN Realty LLC, and William Joseph Ciccone objected to Appellant's failure to include a verification with their complaint. Preliminary Objections of Diamond Club, WAN Realty LLC, and William Joseph Ciccone, 3/12/20, at ¶¶ 37-40. Appellee Neko Ciccone also objected to the lack of a verification, noting that the original complaint was a nullity and that the statute of limitations[3] had since expired, rendering an amendment futile. Preliminary Objections of Neko Ciccone, 3/16/20, at ¶¶ 11-26.[4]

Appellants filed a verified, amended complaint on March 30, 2020 alleging the same causes of action. Appellees filed another round of preliminary objections. Appellees Diamond Club, WAN Realty LLC, and William Joseph Ciccone alleged that the amended complaint must be dismissed with prejudice because, among other reasons, the original, unverified complaint was a nullity, and the statute of limitations barred the amended complaint. Preliminary Objections to Amended Complaint of Diamond Club, WAN Realty LLC, and William Joseph Ciccone, 5/8/20, at ¶¶ 10-24. Appellee Neko Ciccone raised a similar objection. Preliminary Objections of Neko Ciccone, 5/11/20, at ¶¶ 13-27.

---

[3] There is no dispute that the two-year limitation, 42 Pa.C.S.A. § 5524, applies in this case. Likewise, there is no dispute that Appellants' original complaint was timely, and the amended complaint is not.

[4] The remaining named defendants did not file responsive pleadings.

On September 15, 2020, the trial court entered the order on appeal, sustaining Appellees' preliminary objections. The trial court noted that a statute of limitations defense is ordinarily a matter for a new matter. Trial Court Opinion, 9/15/20 at 6 n.4; Pa.R.C.P. No. 1030(a). But because the applicability of the statute was clear from the face of the pleadings, and because Appellants did not file preliminary objections to Appellees' preliminary objections,[5] the trial court dismissed Appellants' complaint. Appellants filed this timely appeal, arguing the trial court erred in sustaining Appellees' preliminary objections.

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of [a] claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Caldwell v. Kriebel Res. Co., LLC*, 72 A.3d 611, 614 (Pa. Super. 2013), *appeal denied*, 81 A.3d 74 (Pa. 2013). The Rules of Civil Procedure require

---

[5] We follow the trial court in this respect. Because Appellants did not file preliminary objections to Appellees' preliminary objections, we do not address the propriety of sustaining a preliminary objection based on failure to conform to law even though the underlying issue was the statute of limitations. We conclude the trial court erred regardless of the distinction between Rules 1029 and 1030.

a complaint to be verified. Pa.R.C.P. No. 1024. Verified "means supported by oath or affirmation or made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities." Pa.R.C.P. No. 76.

The trial court reasoned that the total absence of a verification was fatal to Appellant's complaint. We recognize that the complaint was a nullity, in the sense that Appellees had no obligation to respond, and that any default judgment arising from the complaint could have been stricken. But the only question here is whether an unverified complaint is sufficient to satisfy the statute of limitations. The Rules of Civil Procedure are to be construed liberally to affect a just result. *See* Pa.R.C.P. No. 126 ("The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.").

In **Lewis v. Erie Ins. Exch**, 421 A.2d 1214 (Pa. Super. 1980), the trial court dismissed an arbitration petition because the party's attorney signed the verification under circumstances not in accord with Rule 1024(c). This Court reversed, reasoning that "[t]he Rules of Civil Procedure are designed to achieve the ends of justice and are not to be accorded the status of substantive objectives requiring rigid adherence […] courts should not be astute in enforcing technicalities to defeat apparently meritorious claims." **Id.** at 1217. This Court further noted that the error was of a "*de minimus*

- 5 -

technical nature that did not prejudice the substantive rights of [the defendant]." *Id.* We added that, "although we will not enforce a hypertechnical reading of these rules, we will not condone willful noncompliance." *Id.* at 1217 n. 3.

*Lewis* relied on *Monroe Contract Corp. v. Harrison Sq*, 405 A.2d 954 (Pa. Super. 1979), wherein the plaintiff obtained a judgment after the defendant failed to file an answer to its complaint. The defendant filed a petition to open or strike the default judgment, and the petition was verified by counsel. *Id.*at 956. The trial court dismissed the defendant's petition, concluding counsel's verification was improper, and that the faulty verification deprived the court of jurisdiction. *Id.* at 956-57. This Court, after holding that Rule 1024 governs the form of petitions, concluded that the error was *de minimus* because the verification recited only that the petitioner was without sufficient "knowledge" to make a verification, rather than "knowledge and information" as per the language of Rule 1024(c). *Id.* at 958. "Verification is necessary to defend a party against spurious allegations; it must not be transformed into an offensive weapon designed to strike down an otherwise valid petition." *Id.* "Thus, at a bare minimum, a court confronted by a defective verification should grant leave to amend before dismissing the petition." *Id.* at 959. The **Monroe** Court noted that its holding implicitly rejected the view that a deficient verification raises a question of jurisdiction. *Id.* at 959 n.5.

The trial court distinguished **Lewis** and **Monroe** because those cases dealt with a defective verification rather than the omission of one. Thus, rather than commit a *de minimus* technical error, the trial court found that Appellants totally failed to comply with Rule 1024. The trial court also noted, as we explained above, that the law treats an unverified complaint as a nullity. The trial court is correct in these respects, but we nonetheless disagree with the court's assessment of the implications. Nowhere does the trial court identify any prejudice to Appellees resulting from the unverified complaint.

We observe that the Rules of Procedure allow for the commencement of an action by writ of summons. Pa.R.C.P. No. 1007. Per Rule 1351, governing the form of a writ of summons, the writ need only identify the parties and notify the named defendants that the named plaintiffs have commenced an action against them. Pa.R.C.P. No. 1315. The filing of a writ of summons and a good faith effort to effectuate its service on the defendant is sufficient to toll the statute of limitations. **Sayers v. Heritage Valley Medical Grp., Inc.**, 247 A.3d 1155, 1161 (Pa. 2021). A writ does not require a verification. It therefore would seem incongruent for a timely filed complaint not to effectuate the same tolling as a writ, especially where the absence of a verification easily can be cured by amendment.

Here, Appellants clearly placed Appellees on notice, within the two-year limitations period, of the commencement of an action against them. Furthermore, there is nothing in the record to support a conclusion that

- 7 -

Appellants' noncompliance with Rule 1024 was willful, rather than a mere oversight. The absence of the verification did not prejudice Appellees or affect any of their substantial rights. Further, even though an unverified pleading is a nullity,[6] this is not a case in which a plaintiff proceeded to default judgment based on an unverified, unanswered complaint. The only question before us is whether Appellants' original filing was sufficient to satisfy the two-year statute of limitations for commencement of an action. Given that the Rules of Procedure allow a simple writ of summons for that purpose, we answer in the affirmative. In concluding otherwise, the trial court permitted an apparent oversight—one involving no apparent willful misconduct on the part of Appellants, and resulting in no discernible prejudice to Appellees—to defeat Appellants' causes of action in their entirety. Under Rule 126 and the principles set forth in *Lewis* and *Monroe*, we concluded the trial court erred. The lack of a verification to Appellants' complaint was a technical defect that easily could be cured by amendment. *See* Pa.R.C.P. No. 1028(c)(1) (a party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections).

For the foregoing reasons, we reverse the order sustaining Appellees' preliminary objections and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

---

[6] *Avery v. Cercone*, 225 A.3d 873, 882 (Pa. Super. 2019).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2021