Lessee of JOHN PENN, jun. and sen. *against* MATTHEW DIVELLIN and
JOHN MUSSER.

Landlord cannot support an ejectment against his lessee, without a forfeiture of the lease.

EJECTMENT for a messuage and 307 acres of land in Tyrone township.

It was admitted, that the lessors of the plaintiff were seized of this tract, as part of their manor of Sinking Creek Valley. On the 22d October 1788, they leased the said manor, containing 16,000 acres more or less, to Richard Wells, for the purposes of smelting lead, with sundry privileges (except lot No. 47, sold to George Woods) for ten years, from the 25th March 1789, under the yearly rent of one ear of corn, if lawfully demanded, with a proviso, that the lessors should have power to demise or sell to any persons all or any part of the said manor, during the said term, except the right of digging for ore, and the right of fuel or coal, for the necessary buildings and lead works.
On the 29th December 1787, Richard Wells had covenanted, that John Musser, one of the defendants, should be entitled to one moiety of the lease thereafter to be obtained by him from the late proprietaries, the said Musser having made the discovery of the lead ore.

The plaintiff's counsel contended, that the lessees having discontinued the lead process, the lease was thereby determined. The object of the contract was to empower them to make lead on the manor, and not to work any part of it, merely as farms. The whole tenor of the lease showed this to be the intention of the parties; in contravention whereof, the defendants had for a long time before the suit brought, treated the place in question as a mere beneficial interest for raising grain, had unreasonably over-worked the land, and had committed great waste thereon. Besides under the proviso, the lessors of the plaintiff might determine the lease, by making a new lease or sale of the whole, or any parcel of the manor, reserving to the first lessee the bare right of digging for ore, and fuel and coal. The supposed lease here to

the nominal plaintiff, in order to reduce the land into the possession of the original owners, would fall within the terms of the lease.

The court observed, that this species of action is in its nature merely possessory, and an ejectment cannot be supported by a landlord against his own lessee, during the term demised, without a forfeiture thereof. If the defendants have infringed the convenants in the lease, or have been guilty of waste, they are punishable in other actions ; but it does not appear at present that they have incurred a forfeiture of their interest.  The lease to the nominal plaintiff is not within the words or intention of the lease ; but it would be otherwise, if a new *bona fide* lease or sale for valuable consideration, had been made by the landlords, and notice has been given thereof previous to the commencement of the suit.

The plaintiff suffered a nonsuit, with leave to move for a new trial, for misdirection, if the counsel should think proper.

Messrs. Hamilton and Cadwalader, *pro quer.*
Messrs. Duncan and C. Smith, *pro def.*