# Jefferson County Gas Co., Appellant *v.* United Natural Gas Company.

*Real property—Ejectment—Conflicting leases—Burden of proof —Nonsuit.*

Where plaintiff in an action of ejectment claims as the holder of an oil and gas lease, and his case discloses that defendant holds under a prior lease from the same owner, the burden is upon the plaintiff to prove his immediate right of possession, by showing that the prior lease had been terminated, and upon his failure to do this a nonsuit is properly entered.

Argued Sept. 30, 1914.   Appeal, No. 204, Oct. T., 1914, by plaintiff, from judgment of C. P. Jefferson Co., Aug. T., 1913, No. 92, refusing to take off nonsuit in case of Jefferson County Gas Company v. United Natural Gas Company.   Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Ejectment for lands in Jefferson County.   Before BALDRIGE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

D. I. Ball, with him *William T. Darr, A. L. Cole* and *D. U. Arird,* for appellant.

P. M. Speer, with him *J. F. Mullen* and *C. Z. Gordon,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

This was an action in ejectment; the court below entered a nonsuit, and the plaintiff has appealed.

In ejectment the issues are arrived at through a statutory form of pleading: (See Act of May 8, 1901, P. L. 142; Page v. Simpson, 172 Pa. 288, 295). Here, the plaintiff claimed the right of possession in a farm of about 62 acres, for purposes of oil and gas development, under a lease dated August 24, 1912, from one Motter, which lease contained this clause: "It is understood that this land was leased to the Oil City Fuel Supply Company, but the rental was not accepted and the lessor claims that his former lease is void and of no effect, but it is understood that the lessor is to be at no expense of determining the validity or nonvalidity of said former lease." The defendant filed an answer and abstract of title; it admitted title out of the Commonwealth and in Motter, "under whom both parties to this controversy claim," and denied that the plaintiff was entitled to the oil and gas under a certain part of the farm, consisting of 50 acres, described by it; further, the defendant denied that it had entered upon the premises described in the plaintiff's declaration, except the 50 acres in question, and it disclaimed title to all the property claimed by the plaintiff save the oil and gas in and under these 50 acres; as to this part of the farm, the defendant averred a lease by Motter of the oil and gas thereunder to the Oil City Fuel Supply Company, dated November 4, 1904, and duly recorded March 17, 1905, with an assignment to it (the defendant), dated January 4, 1908. The plaintiff filed a traverse to the defendant's answer and abstract of title, in which it averred that, on July 6, 1912, Motter terminated the lease under which defendant claimed, "because of the failure of the defendant and its assignor, the lessee in said lease, to perform the covenants therein."

At trial, the plaintiff put in evidence its lease, containing the provision concerning the prior lease to the Oil City Fuel Supply Company; it then offered a survey and called witnesses who proved the boundaries of the farm and definitely located the line between the 50

acres claimed by the defendant and the part disclaimed by it. These witnesses also proved that the plaintiff had attempted to drill a well on the aforesaid 50 acres, a little south of the division line, but that, on February 10, 1913, the defendant objected and placed the plaintiff's tools and materials over the line, depositing them on the disclaimed 12 acres; and that the defendant then proceeded to drill a well of its own "within the 50 acres covered by its (defendant's) lease."

Under the admissions contained in the pleadings, and upon the proofs produced, the issue was thus narrowed down to the single question of the existing validity of the rights granted to the Oil City Fuel Supply Company; and the trial judge ruled that the burden was upon the plaintiff to produce evidence tending to show a legal termination of this prior lease before its case could go to the jury. In this we see no error. The learned court below states, in its opinion refusing a new trial, "If Oliver Motter had instituted this action to dispossess the defendant, alleging a forfeiture of the lease, he undoubtedly would have been required to show, before he could have recovered, the failure of the defendant to comply with the terms and conditions of the lease and the loss of the rights and privileges granted thereunder. The fact that Motter conveyed his interest to the plaintiff did not place them in any better position than he would have been: Tuit v. Smith, 137 Pa. 35 (41). The plaintiff stands in the same position that Motter would have stood had he been the plaintiff in this action: Riel v. Gannon, 161 Pa. 289 (294). Otherwise it would be very easy for a landlord or an owner to evade a burden cast upon him by the law and make a conveyance or an assignment and shift the load upon the defendant. Under the agreement from Motter to the assignor of the defendant company certain duties were imposed upon the grantee. If it failed in its performance of these requirements the landlord might have been entitled to a forfeiture, but since the case of Penn v. Divellin, 2 Yeates 309, a landlord in order to support

his ejectment must show a forfeiture of the lease. The plaintiff standing in the shoes of the landlord, acquiring the title with express notice of a former lease, imposed upon him the duty of proving a forfeiture either by reason of termination of the tenancy or repudiation of the terms of the agreement, or from some other cause." These remarks are applicable to the case, as developed by the plaintiff; the admissions in its pleadings and the proofs produced showed the letting to the Oil City Fuel Supply Company, with the defendant in possession thereunder, all of which placed the burden upon the plaintiff of proving a legal termination of the prior lease to that company, in order to sustain its own title; and, in the absence of proof upon that point, the court below was justified in entering the nonsuit. If the plaintiff's case had shown an apparent good title and right of possession in it and nothing more, and the defendant's evidence had disclosed the lease to the Oil City Fuel Supply Company, the burden would have been upon the plaintiff to explain away this prior lease; so, when the plaintiff's proofs developed these matters, the same result followed.

Finally, it is quite plain that, as this case was pleaded and presented, the trial judge was justified in his statement that there was "no contention in regard to the twelve acres," and that it was "not denied that the plaintiff had the right of possession to that portion of the land." In fact, the sufficiency of the defendant's disclaimer does not appear to have been questioned in the court below.

We have examined the numerous cases called to our attention by counsel; while certain of these may shed some light upon applicable principles, they, as well as those cited by the learned court below, are all so different on their facts from the case in hand, that none is controlling in the present instance, and a further discussion of them would serve no useful purpose.

The assignments of error are overruled, and the judgment is affirmed.