J-A35009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARLENE M. NOVOSEL, TRUSTEE OF NOVOSEL LEGACY REVOCABLE TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SENECA RESOURCES AND T AND W HOWARD PRODUCTION, L.P. AND RICHARD REESER, CATHERINE (MARIE) CLARK, A/K/A CATHERINE M. ARNSWALD, COLEEN LARSON, AK/A COLEEN J. REESER LARSON, CARRIE MCGEE, JULIE REESER, JOE DUNLAP, PATRICIA POLSON AND THOMAS AFRICA, ESQ., EXECUTOR OF THE ESTATE OF THOMAS L. KANE, | |
| Appellees | No. 1704 WDA 2014 |

Appeal from the Order September 17, 2014
In the Court of Common Pleas of McKean County
Civil Division at No(s):  1117-CD-2011

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 20, 2016**

Carlene M. Novosel ("Plaintiff" or "Novosel"), Trustee of Novosel Legacy Revocable Trust, appeals from the order entered September 17, 2014, that denied her motion for partial summary judgment and granted the motions for summary judgment filed by Seneca Resources ("Seneca"), T and W Howard Production, L.P. ("Howard"), and Thomas Africa, Esq., Executor of the Estate of Thomas L. Kane, et al. (collectively "Defendants").  The

underlying dispute involves an oil and gas lease that was originally entered into in 1890. After review, we affirm.

Novosel initiated this action by writ of summons on August 30, 2011, filed a complaint on June 28, 2012, and an amended complaint on January 14, 2013. The parties filed various pleadings and discovery ensued. On April 7, 2014, Novosel filed her motion for partial summary judgment, asserting that the document at issue is a lease, not a deed conveying the oil and gas estate, and that the lease had expired in that no activity had occurred on Lot 262, one of the two lots covered by the lease. At the hearing on Novosel's motion, Defendants acknowledged that the document at issue was indeed a lease. *See* N.T., 7/11/14, at 4. However, Defendants moved for summary judgment, contending that Novosel failed to meet her burden of proof that oil and gas were not produced in paying quantities. Defendants also asserted that Novosel's claims were barred by laches and/or the statute of limitations.

The trial court set forth the factual basis of this case, stating:

> Claim of title to the oil and gas lease originates from the [l]ease from John Kelly et al. to Pennsylvania Gas Company of 1890 entered into "for the sole and only purpose of drilling, mining and boring for, and producing oil and gas" on two parcels located in Wetmore Township, McKean County, the first parcel of which is 112.50 acres being the west half of Subdivision 224 in Warrant Number 2568; and the second parcel of which is 190.39 acres in Subdivision 262 in Warrant Number 2567. The term of the [l]ease is for twenty-five years and as long thereafter as oil or gas is produced in paying quantities. Plaintiff owns the fee simple interest in the western half of Warrant 224 and in all of Warrant 262 subject to any outstanding leases as to the

subsurface. The two parcels are hereinafter referred to as "the OGM Property." The chain of title to the various interests in the oil and gas are set forth in Paragraphs 16 through 41 of the Amended Complaint under headings, "Oil & Gas" and "Royalty Interest" (This Court notes the responses filed in responsive pleadings as to the content and legal effect of the documents in the chain).

The 1890 lease granted the Pennsylvania Gas Company a leasehold interest in the oil and gas underlying the OGM Property for a primary term of 25 years and for "as long thereafter as oil or gas is being produced in paying quantities." Defendant Seneca is a successor in interest to the Pennsylvania Gas Company. The lease provided that the Lessor would receive a royalty of one-eighth of the oil sold from the property and a single payment in the amount of $2,726.01 for the gas sold from the property. A driller, O. G. Murray drilled three wells on the western half of Warrant 224 in the 1970's. There have never been any wells drilled on Warrant 262.

Defendant Seneca entered into an operating agreement and assignment with Defendant T[] and W[] Howard Production, L.P. (hereinafter "Howard") effective November 1, 2006[,] and thereafter Howard inspected the OGM Property and the three existing wells. At the time Howard entered into said agreement, the wells were producing oil in paying quantities. After obtaining the right to operate for oil and gas on the OGM Property, Howard sent correspondence dated April 16, 2007 to Plaintiff, informing Plaintiff of Howard's intent to operate existing wells and to drill and produce new wells. Plaintiff, in response, requested proof of Howard's right to drill and operate on the OGM Property and informed Howard that it had no permission to occupy the surface to conduct its operations. Howard contacted American Refining Group Inc. (hereinafter "ARG") and requested their records related to the production of the Murray Wells. Howard was informed that American Refining Group only held records for two years prior to the request. By correspondence dated June 19, 2007, Howard informed Plaintiff of the existence of production records from October 2005 and Howard's inability to obtain prior records. On June 18, 2007[,] Plaintiff notified Howard that she considered the lease to have expired due to lack of production in paying quantities. Plaintiff also recorded a Notice of Termination of Oil and Gas Lease in McKean County Record Book 566, Page 158.

In 2007, Howard began producing oil and gas from the three existing Murry [*sic*] Wells. Since 2007, Howard drilled nine additional wells on the OGM Property. All twelve wells are currently producing. Since 2006 Howard invested $1,032,336.40 in production of oil on the OGM Property as well as in drilling new wells. Revenue from oil and gas production on the Property totaled $159,535.79 in 2007, $313,566.69 in 2008, $83,856.72 in 2009, $469,725.27 in 2010, $190,492.67 in 2011, $193,414.33 in 2012, and $949,006.03 in 2013.

Plaintiff is seeking to terminate the 1890 lease because she did not receive royalty payments during the twenty[-]year period from 1986 through 2006 and because Howard cannot furnish evidence of production during the years 1996 to 2005. Plaintiff has failed or refused to sign a division order with ARG (the current purchaser of the oil from the OGM Property) and is not, therefore, accepting her portion of the oil and gas royalties during the litigation. As of September of 2013, unpaid royalties in the amount of $52,435.25 are being held in abeyance by ARG. The additional Defendants Richard Reeser, Julie Rae Reeser Draughn, Catherine Clark, Joe Dunlap, Patricia Poison, Carrie McGee, and Coleen Larson have signed division orders and have since been receiving royalties from the OGM Property.

Trial Court Opinion (TCO), 9/17/14, at 2-4.[1]

As noted above, Novosel's motion for summary judgment was denied and her cause of action was dismissed. Defendants' motions for summary judgment were granted. Thereafter, Novosel filed a timely appeal to this Court, raising the following two issues for our review:

I. Whether the trial court erred in granting summary judgment in favor of Appellees/Defendants where there existed genuine issues of material fact in the record; the trial court applied an

_____

[1] Novosel's interest in the royalty payments consists of "one-eighth (1/8) interest in the one-eighth (1/8) royalty of the Lease." **See** Complaint, 6/28/12, at ¶ 22.

- 4 -

incorrect standard in that it failed to consider all the evidence of record in the light most favorable to Appellant/Plaintiff; and where the trial court misapplied applicable Pennsylvania jurisprudence?

II. Whether the trial court erred in granting summary judgment on the basis that Plaintiff's causes of action were barred by the Doctrine of Laches and the Statute of Limitations for contract where there existed genuine issues of material fact, including that Defendant Howard, at his own risk, continued with operations on the subject property despite being repeatedly notified by Plaintiff that the lease was terminated and it did not have permission to operate the property; and where the trial court failed to apply Pennsylvania jurisprudence establishing that Defendant Howard's trespass was of a continual nature?

Novosel's brief at 4.

Because this appeal stems from the trial court's order that denied Novosel's motion for summary judgment and granted Defendants' motion for summary judgment, we are guided by the following:

The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion....

***Swords v. Harleysville Ins. Companies***, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

Furthermore, Pa.R.C.P. 1035.2 provides the standard for granting a motion for summary judgment, stating:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

The Notes following Rule 1035.2, direct in part that:

Under subparagraph (2) the record contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to a jury. The motion in this instance is made by a party who does not have the burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion. To defeat this motion, the adverse party must come forth with evidence showing the existence of the facts essential to the cause of action or defense.

Here, in her appeal, Novosel argues that Defendants failed to pay royalties for a period of nearly twenty years, from 1986 through 2005. She bases this on the fact that she had taken ownership of the property in 1992 and has never received any royalties. Moreover, Novosel suggests that Defendants provided no records showing that any production had occurred until 2005, when Howard took over production of the oil and gas wells.

Thus, Novosel claims that because Defendants failed to demonstrate that there was continual production in paying quantities, she had the right to terminate the lease at any time.[2]  In simple terms, Novosel's argument consists of two points: (1) she received no royalties, therefore, no production in paying quantities had taken place between 1986 and 2006, and (2) Defendants failed to provide proof of production.

Initially, we note that "a party seeking to terminate a lease bears the burden of proof." **T.W. Phillips Gas and Oil Co. v. Jedlicka**, 42 A.3d 261, 267 (Pa. 2012) (citing **Jefferson County Gas Co. v. United natural Gas Co.**, 93 A. 340, 341 (Pa. 1915)).  Therefore, since Novosel sought to terminate the lease, it was her burden to prove a lack of production; it was not Defendants' burden.  Thus, when Defendants filed for summary judgment, Novosel, as the non-moving party, had a duty to identify evidence that if presented at trial would support the elements of the cause of action she espouses.

Novosel relies solely on the fact that she received no royalties.  **See** Plaintiff's Brief in Opposition to [Defendants'] Joint Motion for Summary

---

[2] We note that in her brief, Novosel mentions that documents produced during discovery evinced a lack of production in the mid-1970s.  However, Novosel's complaint and amended complaint do not contain allegations of non-production for that time period and she cannot now raise this issue in her appeal to this Court, having failed to raise it before the trial court.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment, 4/21/14, at 6-7 (stating "the only evidence regarding what production, if any, occurred from 1986 through 2006 is that Novosel has not received royalties during the 20-year gap and was unaware of any oil and gas operations on Subdivision W224 and 226."); *see also* Novosel's Deposition, 7/18/13, at 69, 74-75.  Novosel admits that she had no personal knowledge about any oil or gas operations on the property, *id.* at 49, 52, 75. Additionally, she acknowledges that she never informed anyone that she had acquired a royalty interest in the property, *id.* at 24, 53-54, 70-71. Furthermore, the additional Defendants, who are parties in this case, own royalty interests and have not alleged that they did not received royalty payments between 1986 and 2006.

The trial court explained its position regarding whether any issues of material fact remained outstanding, which would prohibit its granting of Defendants' motions for summary judgment.  The court stated:

> As to whether there is sufficient evidence before the Court to enable the Court to determine as a matter of law that there remains no genuine issue of material fact that the Lease must be terminated for lack of production and that Plaintiff has failed to produce evidence of facts essential to [the] termination of the Lease, the Court finds that there are gaps in the evidence to prove either production or non-production occurred from 1986 to 2005.  Odis Glen Murry [*sic*], the driller under an operating agreement of 1975, is deceased.  His heirs have no knowledge of either production or a lack thereof.  The Plaintiff has no evidence as to production during the years in question and only knows that she did not receive royalties during those years.  Although all discovery has been completed, as acknowledged by attorneys representing all the parties, inexplicably there is no record of whether there had been any oil or gas received and paid for by ARG or any other purchaser.  Despite the Court's incredulity as

to the total lack of evidence as to production or non-production, there is no indication that further investigation can uncover such evidence. The burden of proof is on the party seeking to terminate an oil and gas lease. *T. W. Phillips Gas and Oil Company v. Jedlicka*, 42 A.3d 261 (Pa. 2012). Although *Jedlicka* is not on point with the instant case in all respects, it is on point in that a lessor was seeking to terminate an oil and gas lease for lack of production, the essence of the issue before this Court. The Court has been asked by the Defendants to find circumstantially that if there was production during all periods of time from which records can be found, i.e.[,] up to 1986 and after 2005, that production must have occurred in the interim. The Court cannot decide the issue on speculation. Such evidence does not satisfy the test of circumstantial evidence that the facts proven must lead to the existence of the facts in dispute. On the other hand, the Court cannot speculate that a lack of records of oil or gas sales to a purchaser and a failure of one party to receive royalties constitute sufficient evidence of non-production. Plaintiff cites *Mealy v. Clark*, 9 Pa. D &C 3d 566 (Warren County 1978)[,] which cites *Aye v. Philadelphia Co.*[,] 44 A. 555 (Pa. 1899)[,] but neither case can illumine this Court on the instant case because in both cases there was clear evidence of the exact amount of production, in the former, scanty production, and in the latter, no production.

The Court cannot find that the party who bears the burden of proof in the case before it, has evidence of facts essential to the cause of action which, if the case were to be tried before a jury would require the issues to be submitted to a jury. There is also no genuine issue of material fact necessary to Plaintiff's cause of action which could be established by additional discovery; i.e.[,] no attorney has argued that additional discovery would produce evidence as to the necessary element of non-production

TCO at 6-7. We agree with the trial court's reasoning and conclude that Novosel's first issue is meritless. It was her burden to prove a lack of production in paying quantities, which she failed to do. Therefore, Defendants' motions for summary judgment were properly granted.

- 9 -

In her second issue, Novosel argues that the trial court erred in granting the motions for summary judgment filed by Defendants on the basis of laches and the applicable statute of limitations. *See* Novosel's brief at 29. We note that the trial court determined that the doctrine of laches applied under the circumstances presented here, *i.e.*, Novosel failed to exercise due diligence and her delay caused prejudice to Defendants. *See* TCO 8-9. However, the trial court found that the statute of limitations argument was moot due to its conclusions relating to its grant of counts I and II of Defendants' motions for summary judgment. We agree and also conclude that we need not discuss Novosel's second issue in light of our decision as to Novosel's first issue. Accordingly, we affirm the trial court's order denying Novosel's motion for summary judgment and granting Defendants' motions for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016