475 A.2d 151

Eugenia LYONS, Appellant

v.

**PORT AUTHORITY OF ALLEGHENY COUNTY.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1984.

Filed May 4, 1984.

E.J. Strassburger, Pittsburgh, for appellant.

Allan J. Opsitnick, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

BROSKY, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Allegheny County on an award of a Board of Arbitrators. Appellant contends that the Court of Common Pleas, in an order made prior to compulsory arbitration of the case, erred in denying her motion for summary judgment. We conclude that we do not have jurisdiction over this appeal and, accordingly, quash it.

On April 9, 1980, appellant filed a complaint against appellee in the Court of Common Pleas of Allegheny County. The complaint was answered and, after some discovery was conducted, appellant filed a motion for partial summary judgment. This motion was denied on January 20, 1982 by a court en banc.

After further discovery, the case was listed for a jury trial in May, 1982. A pretrial conciliation was then held, at which time the case was ordered to be transferred to a Board of Arbitration.[1] On June 8, 1982, the Arbitration Board found in favor of appellee after a hearing on the merits of the case.

No appeal to the Court of Common Pleas was taken from the arbitrators' award. Instead appellant caused judgment on the award to be entered on August 2, 1982[2] and filed this appeal from that judgment on August 6, 1982.

■ Appellee contends that this Court lacks jurisdiction to consider the instant appeal. For the reasons that follow herein, we agree.

We note initially that 42 Pa.C.S.A. § 742 provides that:

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of *the courts of common pleas,* regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclu-

1. See 42 Pa.C.S.A. § 7361; Pa.R.C.P. 1301 et seq.

2. See Pa.R.C.P. 1307.

sive jurisdiction of the Supreme Court or the Commonwealth Court (emphasis added).

We do not believe the instant appeal is from a final order of a court of common pleas. This case was submitted to compulsory arbitration pursuant to Section 7361 of the Judicial Code, 42 Pa.C.S.A. § 7361 provides in relevant part as follows:

§ 7361. Compulsory arbitration.

(a) General rule.—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.

. . . . .

(c) Procedure.—The arbitrators appointed pursuant to this section shall have such powers and shall proceed in such manner as shall be prescribed by general rules.

(d) Appeal for trial de novo.—Any party to a matter shall have the right to appeal for trial de novo in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules. In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court. For the purposes of this section and section 5571 (relating to appeals generally) *an award of arbitrators constitutes an order of a tribunal.* (emphasis added).

 Thus, it is clear that an award of arbitrators under this section constitutes not an order of the common pleas court, but an order of a tribunal.[3] As provided by Section 7361, the sole avenue of appeal from this order is to the court of common pleas for a trial de novo. Since the order appealed from is an order of a tribunal of arbitrators and

---

**3.** We do not read the next to the last sentence of § 7361(d) to indicate otherwise. While judgment on the award of the arbitrators may be *enforced* as a judgment of the court, the fact remains that the order on which the judgment is entered is not an order of the court of common pleas.

not of a court of common pleas, we lack jurisdiction and, accordingly, the appeal must be quashed.[4]

Appeal quashed.

**4.** We recognize that Pa.R.A.P. 751 governs the transfer of erroneously filed cases and provides that if an appeal is brought in a court which does not have jurisdiction of the appeal that court is not to quash the appeal, but to transfer the record thereof to the proper court of this Commonwealth. However, "[i]n appropriate circumstances, a court may refuse, in the interest of judicial economy to transfer a matter where that court determines that under no circumstances could the transferee tribunal grant the requested relief." *Smock v. Commonwealth*, 496 Pa. 204, 208–9, 436 A.2d 615, 617–18 (1981).

Rule 751 provides that where an appeal is transferred it "shall be treated as if originally filed in the transferee court on the date first filed ..." in the court lacking jurisdiction. Instantly, that would mean that if we transferred an appeal to the Allegheny County Court of Common Pleas, it would be treated as if it had been filed there on August 6, 1982. However, appellant had only thirty days from the date the award of the arbitrators was entered on the docket (June 8, 1982) to appeal to the court of common pleas. See *Lewis v. Erie Ins. Exchange*, 281 Pa.Super. 193, 421 A.2d 1214 (1980); 42 Pa.C.S.A. § 5571; Pa.R.C.P. 1307.

Thus, an appeal filed on August 6, 1982 to the court of common pleas would be untimely and that court would lack jurisdiction to grant relief. Under these circumstances we believe the proper course of action is to quash this appeal.