**Lough & Lough v. Spring**

*Andrew S. Ross,* for plaintiffs.
*Donald M. Grimes,* for defendant.

LEVY, *J.,* March 8, 1985. — Plaintiffs have filed a motion to strike an arbitration award entered on December 28, 1984. Plaintiffs filed their complaint on October 17, 1983 seeking to recover for property damage and physical injuries allegedly suffered in an automobile accident involving defendant and William Lough. The matter was tried before a board of arbitrators on December 27, 1984 and an award was entered finding plaintiffs and defendant each 50 percent negligent and awarding zero dollars to plaintiffs. On January 8, 1985, plaintiffs filed a motion to strike the arbitration award.

Plaintiffs assert that the arbitration award was erroneous as a matter of law and they therefore request that an order be entered striking the award and directing that a new arbitration hearing be held. Section 7361 of the Judicial Code, 42 Pa.C.S. §7361 provides for the compulsory arbitration of civil matters when prescribed by general rule or rule of court. Subsection (d) of section 7361 provides for the appeal of an arbitration award and it states in pertinent part:

"Any party to a matter shall have the right to appeal for trial de novo in the court . . . In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the Court."

To implement this provision of the Judicial Code, the Pennsylvania Supreme Court adopted Rules of Civil Procedure 1301 through 1314. Rules 1308 through 1311 provide the exclusive procedure for challenging the award of arbitrators, namely, the filing of an appeal to the court of common pleas for a trial de novo. The sole exception to this procedure is

provided for in subsection (d) of Rule 1307 which permits the court to mold an arbitration award "where the record and the award disclose an obvious and unambiguous error in the award in mathematics or language . . ."

Plaintiffs have chosen not to follow this mandated procedure and instead have filed a motion requesting the court to strike the arbitration award and to direct that a new arbitration hearing be held. The sole authority cited by plaintiffs in support of this requested relief is Pa.R.C.P. 126 which states the following:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Relying upon this rule, plaintiffs assert that the interests of justice and judicial economy warrant the court in disregarding the procedure provided in the rules for the appeal of arbitration awards and in ordering that a new arbitration be held. We conclude that Rule 126 does not give this court authority to grant the relief sought by plaintiffs in their motion.

Rule 126 requires only that rules of court be liberally construed and it states that a court may disregard errors or defects in procedure which do not affect the substantial rights of the parties.

Plaintiffs, however, do not request that this court disregard errors or defects in procedure but in effect they ask that we legislate a new procedure by which a party may challenge arbitration awards. Plaintiffs do not seek a liberal construction of the rules; rather, they request that the court instead rewrite the

rules. This court simply lacks the authority to grant the relief which plaintiffs seek.

The question of whether or not an appeal for a trial de novo is the exclusive remedy available to a party seeking to challenge an arbitration award is specifically addressed in the comment to Pa.R.C.P. 1307. The comment states the following in pertinent part:

". . . If any party is dissatisfied with any aspect of the award, the sole remedy is an appeal for a trial de novo."

If the award is unintelligible or ambiguous or unclear or subject to alternative interpretations, an aggrieved party can only appeal. . . ." Furthermore, in the case of Lyons v. Port Authority of Allegheny County, 327 Pa. Super. 166, 475 A.2d 151 (1984), the Superior Court, in quashing an appeal from a judgment entered upon an arbitration award, held that the award constituted an order of a tribunal and that "As provided by section 7361, the sole avenue of appeal from this order is to the Court of Common Pleas for a trial de novo." Thus, both the Pennsylvania Rules of Civil Procedure and the Judicial Code provide that an appeal to the court of common pleas for a trial de novo is the sole remedy available to a party wishing to challenge an arbitration award. Therefore, contrary to plaintiffs' contention, Rule 126 does not grant this court authority to disregard these legislative and judicial mandates and to fashion its own remedy for challenging arbitration awards.

In view of the foregoing opinion, we believe it is unnecessary to address the issue of whether or not the arbitration award entered was erroneous as a matter of law.

We therefore enter the following

## ORDER

And now, this March 8, 1985, upon consideration of plaintiffs' motion to strike the arbitration award, and following oral argument, it is ordered that said motion shall be and the same hereby is refused.