J-A13023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DISCOVER BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANGELIQUE ROBERTSON, | : | |
| | : | |
| Appellant | : | No. 3600 EDA 2016 |

Appeal from the Order Entered December 22, 2015
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 8343 CV 2014

BEFORE: LAZARUS, J., OTT, J. and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED MAY 09, 2017**

Angelique Robertson appeals, *pro se*, from the order entered on December 22, 2015, denying her petition to vacate an arbitration award.[1] The appellee in this matter, Discover Bank, was awarded a judgment in the amount of $13,445.90 against Robertson. In this appeal, Robertson appears to raise a myriad of claims, including trial court error for switching the name on the filed documents and certain Federal Arbitration Act[2] violations. Based on the following, we quash this appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] As of the date of this memorandum, Discover Bank has not filed a responsive appellee brief in this matter.

[2] 9 U.S.C. § 1, *et seq.*

The trial court set forth the factual and procedural history as follows:

On October 7, 2014, Appellee Discover Bank ["Discover Bank"] filed a Complaint against "Angelique Roberston," alleging she failed to make monthly payments pursuant to a credit card through [Discover Bank]. In the Complaint, [Discover Bank] demanded judgment in [it]'s favor, and prayed for over $13,000.00 in damages. The Complaint was accompanied by an Account Summary for the card in question, which named "Angelique Roberston" as the account holder.[1]

_____

[1] The Complaint and Account Summary lists the address for "Angelique Roberston" as 19 Rollingwood Trail, Saylorsburg, PA 18353. This is the same address used by [Robertson] on each document filed with this Court, and the address where each of this Court's Orders have been sent.

_____

The Complaint was personally served upon an "Angelique Roberston" by the Monroe County Sheriff's Office on October 17, 2014. Thereafter, an Answer was filed by [Robertson] on October 20, 2014. After denying she had knowledge of each of the Complaint's averments, [Robertson]'s Answer made four affirmative defenses. Chief among these affirmative defenses was [Robertson]'s argument that she was not the party named in the lawsuit, as her name was Angelique Rober**ts**on, not "Angelique Rober**st**on." In response to [Robertson]'s Answer, [Discover Bank] filed a Reply to New Matter on January 22, 2015. This pleading, however, changed the caption to list "Angelique Robertson" as the named Defendant. The Reply to New Matter denied each of [Robertson]'s affirmative defenses.

On March 2, 2015, [Discover Bank] filed a Praecipe for Arbitration in this matter, listing [Robertson] as the named Defendant.[2] The arbitration hearing was conducted on April 20, 2015, where no party was present for [Robertson]. The arbitration panel entered judgment in [Discover Bank]'s favor and against [Robertson] for the full amount sought in [Discover Bank]'s Complaint.

_____

[2] This Praecipe listed [Robertson]'s address as the same address as "Angelique Roberston" in the Complaint. It further certified a copy had been delivered to [Robertson] at that address.

_____

On April 29, 2015, [Robertson] filed a Petition to Vacate the Arbitration Award and Dismiss the Case without Prejudice. This Court issued a Rule Returnable upon [Discover Bank] regarding this Petition. The caption on the Rule Returnable listed "Angelique Roberston" as the named Defendant, and was served upon [Robertson] at the Rollingwood Trail address. [Discover Bank] filed its Reponse to the Rule Returnable on May 20, 2015, denying the averments in [Robertson]'s Petition. [Discover Bank] then filed a Praecipe for Argument on [Robertson]'s Petition on October 19, 2015. Argument was held on December 7, 2015; no party was present for argument on behalf of [Robertson], and no brief in support of [Robertson]'s Petition was filed with the Court. Thereafter, this Court issued an Order on December 22, 2015, denying [Robertson]'s Petition ("December 22, 2015 Order").

[Robertson] filed a Notice of Appeal to the Superior Court on January 12, 2016. On January 28, 2016, the Monroe County Prothonotary notified [Discover Bank] that its request to enter judgment in this matter was returned, due to [Robertson]'s appeal. This Court issued an Order on February 1, 2016, directing [Robertson] to file a Concise Statement of Errors Complained of on Appeal within 21 days as required by Pa.R.A.P. 1925(b) ("1925(b) Statement"), which [Robertson] filed on February 11, 2016. However, the Superior Court issued an Order on February 4, 2016, stating that because there was no judgment entered in this matter, [Robertson] was ordered to praecipe this Court to enter judgment. [Robertson] was further directed to file a certified copy of this Court's docket, reflecting entry of judgment, within ten days of the Order. The Superior Court's Order listed "Angelique Roberston" as the named Defendant. *See Discover Bank v. Angelique Roberston*, 240 EDA 2016 (Pa. Super. Feb. 4, 2016) (per curiam) ("February 2, 2016 Order").

Thereafter, neither this Court nor the Superior Court's dockets reflect any activity on the case until February 26, 2016. On that date, the Superior Court issued an Order, quashing

[Discover Bank]'s appeal, *sua sponte*, for failure to comply with the February 4, 2016 Order. Like its prior Order, the Superior Court's February 26, 2016 Order listed the named Defendant as "Angelique Roberston."[3] *See Discover Bank v. Angelique Roberston*, 240 EDA 2016 (Pa. Super. Feb. 26, 2016) (per curiam) ("February 26, 2016 Order"). The February 26, 2016 Order, quashing [Robertson]'s appeal, was made part of this Court's record by the Monroe County Prothonotary on April 8, 2016.

_____

[3] However, the Order referred to the February 4, 2016 Order by naming [Robertson] as the named Defendant.

_____

The next activity in this case occurred on October 21, 2016, when [Discover Bank] filed a Praecipe for Judgment on Award of Arbitrators. On November 2, 2016, [Robertson] filed the instant Notice of Appeal to the Superior Court, once again appealing our December 22, 2015 Order. [Robertson] filed [her] 1925(b) Statement in conjunction with the second Notice of Appeal. Both the Notice of Appeal and 1925(b) Statement are identical to those filed in [her] first appeal.

On appeal, [Robertson] raises six statements of error, which distill into four central arguments. [Robertson] argues 1) she is not the party named in this action; 2) the arbitration panel failed to follow the "flow of information" and therefore violated both federal and Pennsylvania law; 3) her failure to file a brief in support of her Petition to Vacate was "non-prejudicial;" and 4) [Discover Bank] did not timely file an "Entry of Order" regarding our December 22, 2015 [order].

Trial Court Opinion, 11/23/2016, at 1-4 (emphasis added).

Initially, we note:

While this court is willing to liberally construe materials filed by a *pro se* litigant, … [a petitioner] is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

- 4 -

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996) (citation omitted). Although we will not quash Robertson's appeal on this basis, it merits mention that her brief is disjointed, rambling, and lacking at various points.[3]

We will first address the issue of whether Robertson was properly attached to this matter. As indicated in the factual history, with respect to several documents filed in this matter, the "s" and the "t" were transposed in Robertson's surname. Based on this typographical error, Robertson has continuously maintained that Discover Bank failed to name the correct party to the action.

> Pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense...." Pa.R.C.P. 1033.
>
> [Rule 1033] has repeatedly been interpreted as requiring the liberal evaluation of amendment requests ..., in an effort to secure a determination of cases based upon their merits, ... rather than based upon a mere technicality....
>
> Despite this liberal amendment policy, Pennsylvania appellate courts have repeatedly ruled that an amendment will not be permitted where it is against a positive rule of

---

[3] For example, Robertson does not list any statement of questions involved, *see* Pa.R.A.P. 2116, and her argument section is not "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a).

law, or where the amendment will surprise or prejudice the opposing party.

. . .

[T]he prejudice inquiry is limited to an evaluation of whether undue prejudice exists.

***Horowitz v. Universal Underwriters Ins.,*** 397 Pa. Super. 473, 580 A.2d 395, 398-99 (Pa. Super. 1990).

In addition, "[t]he [R]ules [of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126. "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." ***Id.***

***Discover Bank v. Stucka***, 33 A.3d 82, 88 (Pa. Super. 2011).

Here, the trial court found the following:

It appears from our review of the record that [Discover Bank] made a typographical error when inputting the name on the account in question. Indeed, the only difference between "Angelique Roberston" and [Robertson]'s name is the transposition of two letters in the surname. This typographical error was then transferred to the Complaint's caption when [Discover Bank] filed [it] on October 7, 2014. When [Robertson]'s Answer raised the argument that she was not the named Defendant in the Complaint, [Discover Bank]'s subsequent filings were changed so as to reflect [Robertson] as the named Defendant. It appears, therefore, that [Robertson] and the "Angelique Roberston" named in the Complaint are one and the same, and that [Discover Bank]'s typographical error on the account in question led to the Complaint's caption containing the same typographical error. This conclusion is supported by the fact that [Robertson]'s address is the same as "Angelique Roberston" in the Complaint and Account Summary. Further, [Robertson] herself filed an Answer, a Petition to Vacate the Arbitration Award and Dismiss the Case without Prejudice, two Notices of Appeal, and two 1925(b) Statements, each using the

same address listed for "Angelique Roberston" in the Complaint and Account Summary.

Although [Discover Bank] did not request leave of Court to amend the pleadings, and surely [Robertson] does not consent to such an amendment, this Court itself changed the caption of the case in its Orders following the December 7, 2015 argument.[4]  The amendment to the caption did not add a new party, but rather corrected an error.

_____

4  Similarly, this 1925(a) Statement lists [Robertson] as the named Defendant.

Trial Court Opinion, 11/23/2016, at 7.

We agree with the trial court's finding that Robertson is the properly attached party to this matter.  One can readily infer that when Discover Bank changed the name to the correct spelling of Robertson in the subsequent filings, it was requesting the opportunity to correct the name pursuant to Rule 1033.  Additionally, the trial court accepted this request in its subsequent documents.  Furthermore, this was a simple typographical error and the record demonstrates that Robertson and "Roberston" are the same person.  Based on the liberal construction of the Pennsylvania Rules of Civil Procedure, we conclude the trial court did not abuse its discretion by allowing this correction.

Next, we turn to whether we have jurisdiction to review this matter. As indicated above, Robertson's substantive claims stem from the December 22, 2015, order denying her petition to vacate the arbitration award.

We note:

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the **courts of common pleas**, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa.C.S. § 742.

We are guided by the decision in ***Lyons v. Port Auth. of Allegheny Cty.***, 475 A.2d 151 (Pa. Super. 1984). In ***Lyons***, pursuant to a pretrial agreement, the matter between the parties was transferred to the Board of Arbitrations, which found in favor of the Port Authority. The appellant did not file an appeal with the court of common pleas. Rather, the appellant praeciped for judgment on the award and then filed an appeal to this Court. The Port Authority responded that this Court lacked jurisdiction. The panel agreed, holding:

> We do not believe the instant appeal is from a final order of a court of common pleas. This case was submitted to compulsory arbitration pursuant to Section 7361 of the Judicial Code, 2 Pa.C.S.A. § 7361 provides in relevant part as follows:
>
> § 7361. Compulsory arbitration.
>
> (a) General rule. -- Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted to and heard by a board of three members of the bar of the court.
>
> . . .
>
> (c) Procedure. -- The arbitrators appointed pursuant to this section shall have such powers and shall proceed in such manner as shall be prescribed by general rules.

(d) Appeal for trial *de novo*. -- Any party to a matter shall have the right to appeal for trial *de novo* in the court. The party who takes the appeal shall pay such amount or proportion of fees and costs and shall comply with such other procedures as shall be prescribed by general rules. In the absence of appeal the judgment entered on the award of the arbitrators shall be enforced as any other judgment of the court. For the purposes of this section and section 5571 (relating to appeals generally) *an award of arbitrators constitutes an order of a tribunal*. (emphasis added).

Thus, it is clear that an award of arbitrators under this section constitutes not an order of the common pleas court, but an order of a tribunal.[3] As provided by Section 7361, the sole avenue of appeal from this order is to the court of common pleas for a trial *de novo*. Since the order appealed from is an order of a tribunal of arbitrators and not of a court of common pleas, we lack jurisdiction and, accordingly, the appeal must be quashed.[4]

_____

[3] We do not read the next to the last sentence of § 7361(d) to indicate otherwise. While judgment on the award of the arbitrators may be *enforced* as a judgment of the court, the fact remains that the order on which the judgment is entered is not an order of the court of common pleas.

[4] We recognize that Pa.R.A.P. 751 governs the transfer of erroneously filed cases and provides that if an appeal is brought in a court which does not have jurisdiction of the appeal that court is not to quash the appeal, but to transfer the record thereof to the proper court of this Commonwealth. However, "[i]n appropriate circumstances, a court may refuse, in the interest of judicial economy to transfer a matter where that court determines that under no circumstances could the transferee tribunal grant the requested relief." *Smock v. Commonwealth*, 496 Pa. 204, 208-9, 436 A.2d 615, 617-18 (1981).

Rule 751 provides that where an appeal is transferred it "shall be treated as if originally filed in the transferee court on the date first filed . . ." in the court lacking jurisdiction.

- 9 -

> Instantly, that would mean that if we transferred an appeal to the Allegheny County Court of Common Pleas, it would be treated as if it had been filed there on August 6, 1982. However, appellant had only thirty days from the date the award of the arbitrators was entered on the docket (June 8, 1982) to appeal to the court of common pleas. See *Lewis v. Erie Ins. Exchange*, 281 Pa.Super. 193, 421 A.2d 1214 (1980); 42 Pa.C.S.A. § 5571; Pa.R.C.P. 1307.
>
> Thus, an appeal filed on August 6, 1982 to the court of common pleas would be untimely and that court would lack jurisdiction to grant relief. Under these circumstances we believe the proper course of action is to quash this appeal.

**Lyons v. Port Auth. of Allegheny Cty.**, 475 A.2d 151, 152-53 (Pa. Super. 1984).

We find that **Lyons** is substantially similar to the present matter and therefore, we are guided by its determination. Turning to the facts *sub judice*, we conclude that the December 22, 2015, order, from which Robertson appeals, is not a final order of the court of common pleas. The suit was submitted to a compulsory arbitration.[4] Therefore, as indicated in

---

[4] We note this is evidenced by Discover Bank's response to Robertson's petition to vacate the arbitration award:

> [T]he arbitration related to this matter was conducted pursuant to the Rules of Civil Procedure, specifically as they relate to the conduct of arbitration, Pa.R.Civ.P. 1301, et seq. Under these rules, if [Robertson] is not satisfied with the outcome of the arbitration, an appeal is the appropriate remedy, not a motion to vacate. Pa.R.Civ.P. 1308.

Plaintiff's Response to Defendant's Motion to Vacate Judgment on Arbitration Award, 5/20/2015, at ¶4. Moreover, Rule 1301 states: "These rules apply
*(Footnote Continued Next Page)*

Section 7361, Robertson should have sought relief from the December 22, 2015, order by appealing for a trial *de novo* with the Monroe County Court of Common Pleas.  Accordingly, because the appeal is from "an order of a tribunal of arbitrators and not of a court of common pleas," we lack jurisdiction to review the underlying matter.  **See Lyons**, 475 A.2d at 153.[5]  Therefore, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2017

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

to actions which are submitted to compulsory arbitration pursuant to local rule under Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361." Pa.R.C.P. 1301.

[5]  Moreover, as discussed in footnote four of **Lyons**, **supra**, even if this matter was transferred to the court of common pleas, so that Robertson could request a trial *de novo*, that court would also lack jurisdiction because the 30-day period for filing an appeal from the arbitration's decision expired on May 20, 2015.  **See** Pa.R.C.P. 1308.  Therefore, this appeal, filed on November 2, 2016, would be untimely.